**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT DELAYO,

    Plaintiff,

v.                                                                                   No. 1:22-cv-00165 MIS/GBW

NEW MEXICO CORRECTIONS
DEPARTMENT, *et al.*,

    Defendants.

**ORDER GRANTING
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

THIS MATTER is before the Court on Plaintiff Robert DeLayo's ("Plaintiff's") Opposed Amended Motion to Amend Plaintiff's Complaint. ECF No. 78. Defendant CoreCivic, Inc. ("Defendant") filed a Response, and Plaintiff filed a Reply. ECF Nos. 87, 91. Having considered the parties' arguments, the record, and the relevant law, the Court will grant the Motion. Further, the Court will find Defendant's Motion for Judgment on the Pleadings (ECF No. 51) as moot.

In the Motion to Amend, Plaintiff requests leave to file a First Amended Complaint after the deadline to file an amended complaint has passed. *See* ECF No. 34 at 1 (setting a deadline of July 29, 2022 for Plaintiff to amend the pleadings).

A plaintiff is entitled to amend the complaint "once as a matter of course" if certain temporal conditions are met. Fed. R. Civ. P. 15(a)(1). Otherwise, the plaintiff must obtain either the consent of the defendants or leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Under Federal Rule of Civil Procedure ("Rule") 15, denial of leave to amend "is generally only justified

upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, when a party moves to amend a pleading after the deadline set in the scheduling order, the party must satisfy Rule 16's good-cause standard in addition to the requirements of Rule 15. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of setting an amendment deadline in the scheduling order is to "assure[] that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. Nonetheless, "total inflexibility is undesirable." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)). Under Rule 16, the party seeking amendment must show that he "has been diligent in attempting to meet the deadlines" and that the scheduling deadlines cannot be met despite the party's diligent efforts. *See, e.g., Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

The Court finds that good cause exists to modify the scheduling order to allow Plaintiff to file a First Amended Complaint. Given that this is Plaintiff's first motion to amend his Complaint and discovery has not yet terminated (*see* ECF No. 65 at 1), the Court finds that neither party is prejudiced by the granting of the extension of time. The Court finds that the parties' email correspondence at least somewhat implied that

2

Defendant's counsel had no objection to modifying the scheduling order deadline in order to accommodate the filing of a First Amended Complaint. *See* ECF No. 78-2 at 5–6 (Defendant's counsel stating, ". . . I think it would be beneficial for CoreCivic to be able to review the proposed Amended Complaint . . . based on allegations that would be included in the document but are not in the current Complaint," to which Plaintiff's counsel replied that she could accomplish by the following week).  The Court also determines that none of the factors for denying leave to amend are present, except for the possible factor concerning futility of amendment; however, the Court finds, in the interest of judicial economy, that it would be most efficient address this issue upon the filing of the First Amended Complaint, particularly given that Plaintiff has expressed his desire to address at least some of the futility arguments raised in the Motion for Judgment on the Pleadings (ECF No. 51).

The Court also notes that Plaintiff's counsel attempted to contact Defendant's counsel by phone and email prior to the deadline to file the First Amended Complaint, and Defendant's counsel did not respond until after the deadline because Defendant's counsel stated that he was in trial. *See* ECF No. 78-2 at 4–10 (showing counsel's email correspondence from July 28, 2022 through August 5, 2022). Although the Court finds it ill-advised that Plaintiff waited to file the Motion to Amend until receiving Defendant's non-concurrence rather than simply filing it as opposed prior to the deadline, the Court finds that any delay in filing was not solely the fault of Plaintiff's counsel. The Court finds that Plaintiff's counsel exercised due diligence in attempting to resolve the disputed issues prior to filing the Motion to Amend and that the attempt was made, at least partially, prior to the scheduling order deadline. The Court also finds that Defendant's counsel knew that

Plaintiff intended to file an amended complaint prior to the scheduling order deadline and that Defendant's counsel represented that he would review the proposed amended complaint after the deadline had already passed. Although it remains Defendant's right to oppose amendment, had Defendant concurred in amendment when first requested, the Amended Complaint would have been filed as early August 2022, and possibly even prior to the July 29, 2022 scheduling order deadline. Given all of the above facts, the Court concludes that good cause exists to modify the scheduling order to allow Plaintiff to file a First Amended Complaint and that any delay in filing the motion or the First Amended Complaint prior to the scheduling order deadline is not solely the fault of Plaintiff.[1]

As already stated, Plaintiff has advanced an argument that he chose to amend his complaint in order to identify some of the deficiencies alleged in the Motion for Judgment on the Pleadings. In the interest of judicial economy, the Court determines that it would be most efficient for the Court to address any arguments made in the Motion for Judgment on the Pleadings or in response to the Motion to Amend after the First Amended Complaint is filed. Therefore, the Court will grant the Motion to Amend and find the Motion for Judgment on the Pleadings moot on that basis.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Opposed Amended Motion to Amend Plaintiff's Complaint (ECF No. 78) is **GRANTED**. The Clerk is hereby **DIRECTED** to file Plaintiff's First Amended Complaint (ECF No. 99-1 (Errata)) on the docket.

---

[1] Of course, the parties are reminded to follow the scheduling order deadlines and that, absent a showing of good cause, future extensions of time may not be granted.

2. Defendant CoreCivic's Motion for Judgment on the Pleadings (ECF No. 51) is **FOUND AS MOOT**. CoreCivic shall not be prejudiced, as a result of this Order, from filing a new Motion for Judgment on the Pleadings based on the First Amended Complaint.

**IT IS SO ORDERED.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE